# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ELAINE CIMINO and CITIZENS FOR
ENVIRONMENTAL SAFEGUARDS,

        Plaintiffs,

                                              Civ. No. 02-0503 MV/RHS

vs.

UNITED STATES ARMY/NEW MEXICO
NATIONAL GUARD (USA/NMNG),

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*.  On September 29, 2001,

La Cienega Valley Citizens for Environmental Safeguards ("CES"), a nonprofit corporation,

requested certain information on the expansion of the Army Aviation Support Facility at the Santa

Fe Municipal Airport from the New Mexico National Guard pursuant to the Freedom of

Information Act ("FOIA").  The request was signed by Elaine Cimino, as an officer of CES.

When the New Mexico National Guard did not timely comply with CES's request, Elaine Cimino,

apparently in her capacity as an officer of CES, filed this *pro se* action alleging violations of

FOIA, the National Environmental Protection Act, the National Historic Preservation Act, and

Title 6 of the Civil Rights Act.[1]

        Section 1654 of Title 28 of the United States Code provides that "[i]n all courts of the

---

[1]  The Complaint identifies the plaintiff as "Elaine Cimino a.k.a. Citizens for
Environmental Safeguards."

United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  Local Rule 83.7 states that "[a] corporation or a partnership must be represented by an attorney authorized to practice before this Court."  D.N.M.LR-Civ. 83.7; *see also Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (stating that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" and noting that lower courts have nearly uniformly held that 28 U.S.C. § 1654 "does not allow corporations, partnerships or associations to appear in federal court otherwise than through a licensed attorney").  Elaine Cimino, by her own admission, is not a licensed attorney.[2]  Consequently, under federal law and local court rules, Elaine Cimino may not represent CES before this Court.

Furthermore, FOIA creates a private cause of action for the benefit of persons who have requested certain records from a public agency and whose request has been denied. 5 U.S.C. § 552(a)(3).  In the present case, the request for records was made by CES.  Accordingly, only CES, and not Elaine Cimino, individually, has standing to pursue these claims.  Consequently, to the extent the Complaint alleges any claims on behalf of Elaine Cimino, individually, those claims must be dismissed.

**IT IS THEREFORE ORDERED** that the claims brought by Plaintiff Elaine Cimino individually are hereby dismissed.

---

[2] *See* Plaintiff Elaine Cimino, Pro Se, and Citizens for Environmental Safeguards' Memorandum in Opposition to the Motion to Dismiss at p. 1 ("Comes now the plaintiff Elaine Cimino, pro se and as a non-lawyer, and as an officer of the Citizens for Environmental Safeguards . . .").

**IT IS FURTHER ORDERED** that Plaintiff Citizens for Environmental Safeguards has thirty days from the date of this Order to obtain legal counsel.  If legal counsel has not entered an appearance on behalf of Citizens for Environmental Safeguards within thirty days from the date of this Order, this matter will be dismissed without prejudice.

Dated this 18th day of August, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
     Elaine Cimino, *pro se*

Attorneys for Defendant New Mexico National Guard:
     James C. McKay, Esq.